UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:19-CR-0293-B-1 |
| | § | |
| RUBEN GARCIA CIRIACO, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ruben Garcia Ciriaco's Motion for Compassionate Release (Doc. 47). For the reasons set forth below, the Court **DENIES** the motion.

## I.

## BACKGROUND

In January 2020, Ciriaco pleaded guilty to illegal reentry after removal from the United States and was sentenced to forty-six months of imprisonment. *See* Doc. 36, J., 1–2. Ciriaco, now thirty-nine years old, is confined at Lexington Federal Medical Center with a statutory release date of September 3, 2022.[1] On May 26, 2022, Ciriaco filed the instant motion for compassionate release, which also contains a request for appointment of counsel. Doc. 47, Mot., 6. The Court reviews his motion below.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s inmate locator, available at https://www.bop.gov/inmateloc/ (last accessed June 16, 2022).

- 1 -

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.  *Ciriaco is Not Entitled to Appointment of Counsel*

Ciriaco's request for appointment of counsel is denied. A district court must appoint counsel when there is a statutory or constitutional requirement to do so and may appoint counsel, under certain other circumstances, if justice so requires. *See, e.g.*, *United States v. Strother*, 2021 WL 2188136, at *2 (E.D. Tex. May 27, 2021); *United States v. Contreras*, 2021 WL 1536504, at *1 (E.D. Tex. Apr. 19, 2021) (noting that district courts have discretion to appoint counsel for some claims when "the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing [the] claim") (quoting *United States v. Molina-Flores*, 2018 WL 10050316, at *1 (N.D. Tex. Feb. 13, 2018)). This Court, like others within the Fifth Circuit, has held that there is no statutory or constitutional right to appointment of counsel for motions filed under § 3582(c)(1)(A). *United States v. Reed*, 2022 WL 198405, at *1 (N.D. Tex. Jan. 21, 2022); *United States v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020), *aff'd*, 829

F. App'x 73 (5th Cir. 2020); *see, e.g.*, *Contreras*, 2021 WL 1536504, at *2; *United States v. Wilfred*, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020). And here, Ciriaco's motion "presents [a] straightforward claim based on his medical conditions . . . [that] is not legally or factually complex." *See United States v. Smith*, 2022 WL 326688, at *1 (N.D. Tex. Feb. 2, 2022); *cf. Contreras*, 2021 WL 1536504, at *2 (noting that compassionate release motions are generally "not particularly complex factually or legally") (quoting *United States v. Drayton*, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020)). Therefore, the Court finds that Ciriaco is not entitled to appointment of counsel.

B.   *Ciriaco's Motion for Compassionate Release Fails*

1.   Ciriaco Has Exhausted His Administrative Remedies

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" § 3582(c)(1)(A).[2]

Here, the Court finds that Ciriaco has satisfied the exhaustion requirement. In support of his motion, Ciriaco provides a copy of the warden's denial of his request for compassionate release, dated March 26, 2021, Doc. 47, Mot., 21, and several other papers documenting the progression of his request through the BOP's administrative appeal process.[3] *Id.* at 15–20, 22–31. These documents

---

[2] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain language of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

[3] "In order to exhaust h[is] administrative remedies, a prisoner must first present to the BOP the same grounds warranting release that the prisoner urges in h[is] motion." *United States v. Dodd*, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020); *see, e.g.*, *United States v. Reeves*, 2020 WL 3895282, at *2 (N.D. Tex. July 7, 2020). *See generally United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) ("Congress used clear language: all requests for compassionate release must be presented to the [BOP] before they are litigated in

sufficiently demonstrate that Ciriaco has satisfied § 3582's exhaustion requirement. *See Ezukanma*, 2020 WL 4569067, at *2. Thus, the Court will address the merits of Ciriaco's motion.

  2. <u>Ciriaco Has Not Demonstrated Extraordinary and Compelling Reasons for Release</u>

Although Ciriaco exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying his release. *See* § 3582(c)(1)(A)(i). Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that merit compassionate release. *See id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it "to promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations and quotation marks omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "describes four 'extraordinary and compelling reasons' that could warrant a reduced sentence: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *United States v. Tyler*, 2021 WL 736467, at *1 (E.D. La. Feb. 25, 2021) (quoting U.S.S.G. § 1B1.13 cmt. 1(A)–(D)). The Fifth Circuit has since held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). While not binding, § 1B1.13 and its commentary nonetheless "inform[] [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United*

---

the federal courts."). Although Ciriaco does not provide a copy of his original request sent to the BOP, *see* Doc. 47, Mot., the Court notes that the warden's denial of Ciriaco's request discusses the same grounds for compassionate release set forth in his instant motion. *See id.* at 4, 21. As such, the Court is satisfied that Ciriaco's evidence of exhaustion can properly support his instant motion.

*States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 F. App'x 556, 557–58 (5th Cir. 2020) (per curiam)).

Applying its discretion, the Court concludes that Ciriaco has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Here, the only indication of Ciriaco's grounds for compassionate release is provided on page four of his motion, where Ciriaco checks a box next to the statement: "I have been diagnosed with a terminal illness." *See* Doc. 47, Mot., 4. Critically, Ciriaco does not identify his purported illness, provide supporting documentation of his diagnosis, or offer further elaboration on the nature of his medical conditions. *See id.* at 5 (leaving blank the section provided for explaining the basis for the motion). Without this information, the Court cannot evaluate whether Ciriaco's medical conditions warrant compassionate release. *See, e.g.*, *United States v. Garza*, 2021 WL 1263945, at *2 (N.D. Tex., Apr. 6, 2021); *United States v. Moreno*, 2021 WL 389829, at *3 (N.D. Tex. Feb. 4, 2021). As such, Ciriaco's motion must be denied.

## IV.

### CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Ciriaco's Motion for Compassionate Release (Doc. 47). By denying the motion without prejudice, the Court permits Ciriaco to file a future motion for compassionate release in the event he can demonstrate extraordinary and compelling circumstances, satisfy the exhaustion requirement with respect to those circumstances, and show that the § 3553(a) factors support his request.

SO ORDERED.

SIGNED: June 22, 2022.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE